IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNIFIED UNITED STATES COMMON LAW GRAND JURY,

      Plaintiff,

v.                                                          No. 1:25-cv-00089-JCH-JFR

PETE V. DOMENICI UNITED STATES
COURTHOUSE FEDERAL COURT,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSSAL

Plaintiff "find[s] it necessary to execute this Extraordinary Indictment upon and for the removal of, all federal judges and magistrates in all Ninety-Four Federal districts, under our own authority that we codified via the Declaration of Independence." Unified United States Common Law Grand Jury's Extraordinary Indictment, a True Bill Against the Federal Judiciary at 2, Doc. 1, filed January 28, 2025 ("Complaint"). Plaintiff states it has "the unbridled right to empanel and preside over our own Court Proceedings, unfettered by legislation and technical rules" and "charge[s] all federal judges and magistrates in all Ninety-Four Federal districts for Conspiracy and subversion as follows . . ." Complaint at 3-5 (listing 59 "charges").

United States Magistrate Judge John F. Robbenhaar notified Plaintiff: (i) Plaintiff Unified United States Common Law Grand Jury is not a natural person, Rule 83.7 of the District of New Mexico's Local Rules of Civil Procedure requires that "A corporation, partnership or business entity *other than a natural person* must be represented by an attorney authorized to practice before this Court," and the Complaint is not signed by an attorney authorized to practice in this Court;[1]

---

[1] Judge Robbenhaar also stated: "If the Unified United States Common Law Grand Jury is a group of individuals each seeking relief from the Court, the individuals must file an amended complaint

(ii) Plaintiff Unified United States Common Law Grand Jury has not paid the $405.00 filing fee; (iii) Plaintiff has not met its burden of showing that the Court has jurisdiction over this matter because there are no allegations showing that the United States has waived its sovereign immunity; and (iv) This case should be dismissed for failure to state a claim upon which relief can be granted because there are no allegations describing what the United States District Court for the District of New Mexico or the United States Judges for the District of New Mexico did to Plaintiff, when they did it, and what specific right Plaintiff believes the Court and each United States Judge violated. *See* Amended Order at 1-4, Doc. 5, filed January 30, 2025.

Judge Robbenhaar ordered Plaintiff to: (i) have an attorney authorized to practice in this Court enter an appearance in this case to represent Plaintiff; (ii) pay the $405.00 filing fee; and (iii) show cause why the Court should not dismiss this case for lack of jurisdiction and failure to state a claim, and to file an amended complaint. *See* Amended Order at 5 (notifying Plaintiff that failure to timely comply with the Amended Order may result in dismissal of this case. Plaintiff did not comply with the Amended Order by the February 20, 2025, deadline.

The Court concludes it does not have jurisdiction over this case because the Complaint does not contain allegations supporting jurisdiction, Plaintiff did not show cause why the Court should not dismiss this case for lack of jurisdiction and Plaintiff did not file an amended complaint containing allegations supporting jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

---

clarifying that they are individual plaintiffs seeking relief. The amended complaint must identify in the caption each individual plaintiff's name." Amended Order at 2.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE